# George A. Fuller Co. v. Nicholas J. Darragh.

1. PRACTICE—*Improper Remarks of Counsel in Impaneling a Jury.*
—In an action for personal injuries, counsel has no right to tell the
jury that he understands that an insurance company is defending the
case.

Trespass on the Case, for personal injuries. Appeal from the Circuit
Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding.
Heard in the Branch Appellate Court at the March term, 1901. Re-
versed and remanded. Opinion filed April 18, 1902. Rehearing denied
May 6, 1902.

O. W. DYNES, attorney for appellant.

GEMMILL, BARNHART & FOELL, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover damages for personal in-
juries alleged to have been occasioned by the negligence of
appellant.

It was charged that appellee was injured while working
for appellant, a construction company engaged in the build-
ing of the "Fair," a large store in Chicago; that appellee
had complained because of the lack of ladders wherewith to
ascend from one story to another of the skeleton steel frame
in process of erection, and that appellant had promised to
supply such ladders; that appellee, relying upon such prom-
ises, continued in his employment, and, as did others, went
from one story to another upward by climbing, or, as it is
termed, "shinning" up various columns; that upon the morn-
ing of the accident he thus climbed from the sixth toward
the seventh story until he reached his hand over the top of
the girder which forms the bottom of the seventh floor and
endeavored to pull himself over the girder; that in so doing
he grasped the iron next to the flange, and would have pulled
himself up had not his hand slipped on the paint with which
the girder was covered; that because of this his grip loosened,
and he fell, striking the various cross-beams as he went down,
to the second floor; that he was thus so injured that one of his

legs was necessarily amputated and the other was broken; that several of his ribs were broken, and he was otherwise hurt. There was a verdict and judgment for the plaintiff for $13,500.

A majority of the court are of the opinion that whether the girder grasped by appellee was covered with sun-dried or blistered paint which caused his hand to slip therefrom, and whether such condition was one of the ordinary hazards of his employment assumed by him, were questions of fact to be determined by the jury, and that the evidence is such that the verdict ought not to be disturbed nor the judgment set aside, unless there exists in the record, error other than any assigned as to the action of the court in regard to the evidence upon the matter above mentioned. The case is not, upon the evidence, free from doubt.

Veniremen having been called and sworn to answer questions touching their competency to serve as jurors in the trial of the cause, during the course of such examination the following proceedings, among others, were had:

" George W. Heinze, called and sworn as a juror, being examined by Mr. Gemmill on behalf of the plaintiff, responded to interrogatories as follows:

Q. What is your name? A. George W. Heinze; live at 28 Evergreen avenue; am clerk for the Chicago & Omaha Publishing Company at 315 Dearborn street; have been with them ten years; am an inside man mostly; not married; my parents are dead. Don't know the George A. Fuller Company, nor any representative of The Fair; have never heard about this case.

Q. I understand that the Fidelity & Casualty Company, an insurance company, is defending this case. They have offices in the—

Mr. Dynes: I object to that statement. It is not anything connected with this case.

Mr. Gemmill: I want to find out the parties interested here.

The Court: I think the jury should know about it, if you can tell them about it, if it is the fact. I think it is proper to prove it, too.

(To which ruling of the court the defendants, by their counsel, then and there duly excepted.)

Mr. Gemmill: Where is the office of the Fidelity & Casualty Company?

No response.

Mr. Gemmill: Well, the Fidelity & Casualty Company is an insurance company with offices in the Rookery building, and I think now in the New York Life building, that is my recollection about it, and Mr. Dynes is their representative and attorney.

Mr. Dynes: I object to that statement also, as not founded upon any facts in this case, and as not being the truth.

Mr. Gemmill: Well, we will ask you to be sworn and see whether it is true or not, when we get down to it. Do any of you gentlemen know Mr. O. W. Dynes?

Mr. Dynes: Now, just a minute.

The Court: Let me see if I understand the point in this case. You say that The Fair and the Fuller Company are the defendants, and that they have a contract with some insurance company to protect them against damages to their employes?

Mr. Gemmill: Yes, sir; as I understand it.

The Court: And the insurance company, you claim, is defending this case by this attorney?

Mr. Gemmill: Yes, sir.

Mr. Dynes: I object to this statement as incorrect and improper.

The Court: I do not see any reason for the old rule of estoppel, that a man should keep his mouth shut about telling the truth in such a case, and I think he may tell if he wants to.

Mr. Dynes: I ask that an exception be allowed."

(To which ruling of the court the defendants, by their counsel, then and there duly excepted.)

To the proper conduct of jury trials one thing is absolutely essential, viz., a recognition of the principle that at the bar of justice all men are equal.

All causes are to be tried; all questions determined upon matters pertinent thereto, and not upon considerations which in the controversy ought not to be mentioned.

If verdicts are to be rendered or judgments to be given for plaintiffs because they are popular, or their manner of living, business, lineage, association or benevolence commends them to the community, or against defendants for

George A. Fuller Co. v. Darragh.

the reason that they hold opinions, advocate ideas or engage in enterprises distasteful to many, then is our whole system of jurisprudence a mockery and a delusion.

None of the learned counsel for appellee will gravely contend that whether appellant had procured insurance against liability for accidents or whether the suit under consideration was being defended by an insurance company or its attorney, could possibly throw any light upon the question of whether the injury to appellee had been occasioned by actionable negligence of appellant.

Why, then, should the jury be told that the defense was made by a casualty insurance company? If this can be done, why may not a jury be told that the action is prosecuted by a corporation created to hunt up and prosecute accident cases, or by an attorney for a contingent fee; and that one-half of any verdict rendered for the plaintiff will go to such corporation or to his attorney?

It is urged that this statement was made for the purpose of selecting a disinterested jury.

Jurors may be asked if they know certain persons or have business or other relations with them, but under the guise of obtaining a fair jury, information calculated to prejudice jurors against either party can not be given, and the trial court should not only prevent this, but if satisfied that despite its rulings jurors have thus been swerved in the considerations, should set aside verdicts so obtained.

If a plaintiff, so unfortunate as to have had a father convicted of horse stealing and a mother of child stealing, comes into court asking that there be rendered to him what he believes to be his due, jurors can not be asked if they know his father, lately sentenced for larceny, or his mother, in the penitentiary for a most heinous offense.

Counsel had no right to tell the jury that he understood that an insurance company was defending the case; the court erred in saying that "the jury should know about it," and to counsel "You can tell them about it, if it is the fact. I think it proper to prove it too."

We are not aware of any authority for the proof of such a fact in such a case.

Coming as this and other statements by counsel did, and sanctioned as they were, against the objections of the defendant, by the court, they were probably more harmful than if regularly given by sworn witnesses.

The courts of this and other states have so frequently spoken on this subject, that calling attention to the following authorities may seem a work of supererogation: Hennies v. Vogel, 87 Ill. 242, 244; Elgin, J. & E. Ry. Co. v. Fletcher, 128 Ill. 619, 626, 627; Welsh v. Huckins, 45 Ill. App. 53–56; West Chicago St. Ry. Co. v. Krueger, 68 Ill. App. 450.

Under the view taken of the case, it is unnecessary to discuss whether the instruction, that there could be no recovery based in part upon an alleged promise to repair or remedy the condition in question, should have been given.

The judgment of the Circuit Court is reversed and the cause remanded.