## Himrod Coal Company v. Clarence Beckwith, Admr.

1. SPECIAL INTERROGATORIES—*when remarks of counsel with respect to, are prejudicial.* Counsel, in addressing the jury with respect to special interrogatories, has the right to suggest to the jury the answers he believes should, under the evidence, be returned to them, and a statement to the effect that such special interrogatories were asked merely with a view ultimately of reversing the case in the event of an adverse judgment, is prejudicial.

2. BRIEFS—*when statements contained in, are improper.* Statements of facts not appearing of record should not be made in briefs filed in appellate tribunals.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Vermilion County; the Hon. MORTON W.

THOMPSON, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

KRAUS, ALSCHULER & HOLDEN and H. M. STEELY, for appellant.

BUCKINGHAM & DYSERT, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action on the case, by appellee, as administrator of the estate of John Taylor, deceased, to recover compensation for the next of kin of decedent for damages to them in consequence of his death, which is alleged to have been caused by the negligence of appellant. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff, from which the defendant prosecuted this appeal.

There is grave doubt whether, under the evidence, the plaintiff is entitled to a judgment. In his closing argument to the jury, counsel for plaintiff said : "While the stockholders were riding in their automobiles, and their counsel reposing in their luxurious offices, Taylor was facing death in the mines, in order that their dividends might be swelled. Special interrogatories are asked by counsel, who have a desperate case, in the hope that the jury will find some questions contrary to the general verdict, and thus get a higher court to reverse the judgment." This language was improper and prejudicial to the rights of the defendant. It was calculated to arouse the passion and prejudice of the jury against the defendant. A party has a right to submit special interrogatories, and the only province of opposing counsel in relation to them, is to suggest to the jury the answers he believes should be returned under the evidence. The numerous opinions we have recently filed, reversing judgments for the misconduct of counsel in arguing cases before juries, ought to give the bar a distinct understanding of the policy of this court upon that subject. The practice is pernicious on the part of counsel and disastrous to their clients whose interests they are supposed to protect, not forfeit.

Without any evidence in the record to sustain the statement, counsel for plaintiff say in their brief in this court that a casualty company is the real defendant; that the case is being defended by the casualty company, whose chief counsel represent the appellant, etc. Statements of this character made in the trial court were held to be reversible error in Fuller v. Darragh, 101 Ill. App. 664. It is unnecessary to comment upon the ethics of a practice of pursuing a course of conduct in a court of review which would be reversible error in the court below.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*