### Emery Dry Goods Company v. Joanna DeHart.

1. ARGUMENT OF COUNSEL—*what improper.* It is improper for counsel to tell the jury that the case is being defended by an insurance company and that such company would have to pay any verdict which might be rendered.

2. ARGUMENT OF COUNSEL—*what improper.* It is improper for counsel to seek to arouse the prejudice or the passions of the jury by reference to the character and value of the dress of the party who has testified as a witness.

Action in case. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

H. M. STEELY, O. M. JONES and LOUIS CLEMENTS, for appellant.

W. L. CUNDIFF, N. McCABE and S. M. CLARK, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, by appellee against appellant, for the recovery of damages for personal injuries alleged to have been sustained by her. Upon the trial in the Circuit Court, the jury returned a verdict for the plaintiff and assessed her damages at $1,500.

The court rendered judgment upon such verdict and the plaintiff appealed to this court.

The declaration charges that plaintiff, a prospective customer, attempted to enter the passenger elevator on the main floor of the defendant's dry goods store for the purpose of being carried to the second or upper floor of said store; that while in the exercise of due care for her own safety, she was injured by reason of the defendant and its servants, in charge of said elevator, failing to keep the floor of the elevator on a level with the main floor; in permitting the same to be and remain four inches below the level of the main floor; and in failing to furnish a sufficient light in the vicinity of said elevator, so that the plaintiff could have seen, upon taking the elevator, whether or not the floors of the store room and the elevator were level.

Appellee testified on the trial, that on January 16, 1904, she visited the store of appellant in the city of Danville, for the purpose of making some purchases; that she went to the passenger elevator on the main floor of said store for the purpose of taking the same and being carried to the second story floor; that when she stepped into the elevator, by reason of the fact that the floor of the same had been lowered some five or six inches below the level of the main floor, the elevator floor when she attempted to step upon it, failed to support the toes of her foot, and she was thrown violently forward, twisting and wrenching her foot and breaking the bones of the instep. She further testified that the elevator was surrounded by iron latticework with but small openings therein; that there were no lights burning in the elevator or its vicinity, and that because of the latticework, she was unable to ascertain whether the elevator was on the level of the main floor or not. Her testimony is corroborated by that of Miss Briggs who claims to have been with her at the time of the alleged accident. The evidence adduced by appellant

tends to contradict that of appellee and Miss Briggs, and to show that appellee was not in the store on the day mentioned, and that the accident detailed by them never in fact occurred.

The evidence upon all of the issues involved in the case was close and conflicting, and it was therefore especially important that the trial should have been so conducted that the rights of either party to a fair trial should not be unduly prejudiced.

Dr. Porter, a witness called by appellee, during the course of his testimony stated that a Mr. McGowan had called upon him several days before the trial. Counsel for appellee then asked who Mr. McGowan was; to which question counsel for appellant objected on the ground that McGowan was not connected with appellant company in any way. Counsel for appellee then remarked, "Well, he is with the insurance company." Counsel for appellant objected to such remark, and the court sustained the objection. J. S. Emery, the president of the appellant company, during his cross-examination testified that the first notice he had of appellee's claim was from a letter he received from Mr. Cundiff, who afterward called upon him. Counsel for appellee then asked the witness the following question: "And you told him that you hadn't anything to do with it; that it was up to the indemnity company?" and also this question: "I will ask you if you did not say to him then, that you didn't know anything about the matter, but that it was up to the indemnity company; that you were insured and that they had to take care of you?" Objections to both of said questions were interposed and overruled by the court.

Mr. Cundiff, counsel for appellee, during his address to the jury at the close of the evidence made the following statement:

"Mr. Emery was asked the question as to whether or not he didn't say to me that he couldn't do anything in the matter, and that it was up to another

party—up to the insurance company, and he said he couldn't say whether he made any such statement or not.''

Upon objection being interposed by counsel for appellant, the court said: ''Confine yourself to the evidence. If he said it you have a right to comment upon it; if he didn't say it you do not have right to comment upon it.''

It is insisted by counsel for the appellant that the foregoing questions propounded to the witness Emery, and the remarks of counsel above quoted, were grossly improper, and sufficiently prejudicial to the rights of appellant to warrant and require a reversal of the judgment.

In Cosselman v. Dunfee, 172 N. Y. 507, the court said:

''Counsel for plaintiff asked a witness for defendants the question, 'Do you know whether they carry insurance for accidents to their employes?' This question was objected to as incompetent and objection sustained. While the learned trial judge made a proper disposition of the matter, nevertheless the propounding of the question was calculated to convey an improper impression to the jury. The inquiry into the matter of insurance is not material and the practice of asking a question that counsel must be assumed to know cannot be answered, is highly reprehensible, and where the trial court or Appellate Division is satisfied that the verdict of the jury has been influenced thereby, it should for that reason set aside the verdict.''

In Fuller v. Darragh, 101 Ill. App. 665, counsel for the plaintiff sought in his examination of jurors, on their *voir dire,* to bring to their attention the fact that the defendant was insured against liability for accidents. In reversing the judgment for this reason the court says:

''All cases are to be tried, all questions determined upon matters pertinent thereto, and not upon considerations which in the controversy ought not to be mentioned. * * *

"None of the learned counsel for appellee will gravely contend that whether the appellant had procured insurance against liability for accidents, or whether the suit under consideration was being defended by an insurance company, or its attorney, could possibly throw any light upon the question of whether the injury to appellee had been occasioned by actionable negligence of appellant. * * * Counsel had no right to tell the jury that he understood that an insurance company was defending the case; the court erred in saying that the jury should know about it, and to counsel, 'you can tell them about it, if it is a fact. I think it is proper to prove it, too.' We are not aware of any authority for the proof of such a fact in such a case."

Manigold v. Black River Traction Co., 80 N. Y. Supp. 861, was an action for the recovery of damages for personal injuries. On the trial in the court below, the defendant's superintendent testified that he called upon the plaintiff accompanied by Dr. Rockwell. On cross-examination, plaintiff's counsel asked the question, "Went there representing whom?" and when objection was sustained to the question, asked this further question: "Didn't Dr. Rockwell go there and try and settle with Manigold and wasn't he representing the insurance company back of this company?" An objection to this question was also sustained and the court ordered all that had been said by counsel to be stricken from the record. The Supreme Court in reversing the judgment of the court below, in favor of the plaintiff, said:

"The law is well settled that it is improper to show in an action of negligence that the defendant is insured against losses in case of recovery against it on account of its negligence. It is not proper to inform the jury of such fact in any manner. It is not material to any issue involved in the trial of the action, and certainly plaintiff's counsel ought not to be permitted to do indirectly what he would not be permitted to do directly. The fact that the defendant in this action was insured was brought to the knowledge

of the jury as conclusively by what occurred as if the question had been answered in the affirmative, and it is evident that the question was asked and the inquiry pressed, even after the ruling of the court that it was incompetent, for the very purpose of getting such fact before the jury. * * * it is impossible to say whether the statement of counsel that there was an insurance company behind the plaintiff influenced the jury in rendering the verdict which it did."

In Himrod Coal Co. v. Beckwith, 111 Ill. App. 379, counsel for appellee, in their brief filed in this court, made the statement that a casualty company was the real defendant, and that it was defending the suit. We there said:

"The numerous opinions we have recently filed, reversing judgments for the misconduct of counsel in arguing cases before juries, ought to give the bar a distinct understanding of the policy of this court upon that subject. The practice is pernicious on the part of counsel, and disastrous to their clients whose interests they are supposed to protect, and not forfeit.

"Without any evidence in the record to sustain the statement, counsel for plaintiff say in their brief in this court that a casualty company is the real defendant; that the case is being defended by the casualty company, whose chief counsel represent the appellant, etc. Statements of this character made in the trial court were held to be reversible error in Fuller vs. Darragh, 101 App. 664. It is unnecessary to comment upon the ethics of a practice of pursuing a course of conduct in a court of review which would be reversible error in the court below."

We have already called attention to the fact that the evidence upon the controverted questions in the case at bar, was close and conflicting. It is manifest that in their efforts to determine the true facts, the jury ought not to have been influenced or prejudiced by imparting to them the information that the verdict to be rendered by them, whatever the amount might be, would not have to be paid by the defendant

but would be paid by an insurance company by which it was indemnified. No other conclusion can be reached than that the questions quoted, and the statements made by the counsel in argument, were intended to advise the jury of a fact which was incompetent and thus influence their action. We are not satisfied that they did not have the effect contemplated, and are constrained for that reason to reverse the present judgment. We are not unmindful that such action may, perhaps, impose a great hardship upon appellee, but this fact cannot be permitted to and should not affect the question. The importance and necessity that counsel should, so far as possible, be restrained from attempting, directly or indirectly, by insinuation, intimation or otherwise, to bring to the knowledge of jurors, matters entirely foreign to the issue involved, with the intent to improperly influence them, far outweighs the interests of individual litigants. The rights of parties litigant should be protected, not abused. Jurors should be confined to the consideration of such evidence only as is competent and affects the issues submitted to them for determination.

In his closing argument to the jury, counsel for appellee made the following statement: ''Why, gentlemen of the jury, see these men here, the members of this corporation, with their hair parted in the middle, and diamonds and fancy silk vests on trying to defeat this poor woman out of her just dues.''

The statement was objected to by counsel for appellant. The court did not directly pass upon the propriety of the statement, but merely directed counsel to confine himself to the evidence; whereupon counsel for appellant excepted.

Counsel for appellee then made the further statement: ''I have a right to comment upon their appearance while testifying. The diamonds may have been paste, I don't know; but one of them had on a silk vest while he was testifying.''

This statement was also objected to by counsel for appellant, whereupon the court stated that counsel had a "right to comment on the appearance of the witness while testifying," to which ruling counsel for appellant excepted. The purport of the remarks of the court in ruling upon the last objection, was that the comments of the counsel were not improper. It is undoubtedly the law that in determining the credibility of a witness and the weight to be given to his testimony, the jury have a right to take into consideration his appearance and demeanor while testifying. If it be true that by the "appearance" of a witness is meant the particular style, grade, texture or value of his wearing apparel, and that his mode of dress can throw any light upon the question as to his credibility, we are, nevertheless, of the opinion that the remarks in question should not have been tacitly approved, as they were, by the court. It is manifest from the context of his argument, counsel was not endeavoring to impress the jury with the belief that because the witness wore a silk vest and diamonds, he was less worthy of belief than had he been more plainly attired, but that the only purpose was to arouse the passion and prejudice of the jury. The remarks in question were, under the circumstances, neither fair nor professional and the trial court should have disapproved of the same.

Because of the improper conduct of counsel above detailed, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*