## Chicago & Milwaukee Electric Railroad Company v. John T. Judge.

### Gen. No. 4,742.

1. EXPERT WITNESS—*what not entitled to recover.* A witness who has attended as an expert to testify to land values is not entitled to recover for his services upon the basis of a *quantum meruit.*

2. ARGUMENT OF COUNSEL—*duty of court to regulate.* It is not only within the power of the trial court to regulate the argument of counsel, but it is its duty so to do.

3. ARGUMENT OF COUNSEL—*what improper.* It is an improper and pernicious practice for counsel to argue and draw deductions from evidence which has been excluded by the court.

Assumpsit. Appeal from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed August 6, 1907.

F. S. MUNRO and A. J. MULLEN, for appellant.

ORVIS & EDWARDS and COOKE, POPE & POPE, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This was an action in assumpsit brought by appellee in the County Court of Lake county against appellant to recover $250 for services as an expert in the examination of property values, and the further sum of $250 for attending court as a witness, at the rate of $25 per day, and interest on both amounts. The issue was made on the common counts and the plea of general issue. There was a trial resulting in a verdict of $500 for appellee, a motion for a new trial was overruled, judgment was entered on the verdict and this appeal.

Appellee testified that he worked ten days estimating values of property, and attended court ten days as a

witness. He did not claim that he had a contract for either class of services, but relied on the *quantum meruit* for a recovery. There can be no recovery on the *quantum meruit* for services in attendance in court as a witness, for the reason that the statute fixes the fee for such service at $1 *per diem* and mileage. "A witness or officer of the law has no legal right to recover on a *quantum meruit* for services rendered under the requirements of the law. For such services, he is limited to the fee or compensation fixed by the statute." Smith v. McLaughlin et al., 77 Ill. 598; Constant v. Matteson, 22 Ill. 546; Eimer v. Eimer, 47 Ill. 373; Dixon v. People, 63 Ill. App. 585; North Chicago St. R. R. Co. v. Zeiger, 182 Ill. 9; Piatt County v. Knott, 99 Ill. App. 422. In the absence then of a special contract for services as a witness, this judgment exceeds by $240 the amount appellee was entitled to recover, according to his own testimony, and must be reversed for that reason.

Certain misconduct of counsel, complained of by appellant, is also ground for reversal. Upon the examination of certain witnesses, counsel for appellee asked what they received for similar services, to which question objection was sustained. Disregarding this ruling, he repeated the question several times. In his closing argument, referring to the evidence so excluded, he said, "I believe, gentlemen of the jury, that Mr. Judge, the plaintiff in this case, ought to receive as much for his services as Mr. Biddlecomb and Mr. Smith received for such services, and you can draw your own conclusions from the record in this case as to what they received." Objection was made to this statement and the court said, "I cannot rule as to what counsel shall say to the jury." To which appellant preserved an exception. This was, in effect, an admission by the court that it had no control over the range and character of argument by counsel, and that the jury might disregard the rulings of the court and draw inferences from evidence excluded from their

consideration. The practice of counsel in arguing or drawing deductions from evidence that has been held incompetent and excluded from the consideration of the jury, is pernicious and should be discouraged; and the trial court that permits counsel, over objection, to draw deductions from evidence not in the record, and declares his inability to regulate and control the remarks of counsel, misconceives the scope of his authority. "The trial judge has the power to keep counsel within due bounds and should exercise that power promptly and impartially for the furtherance of justice." North Chicago St. Ry. Co. v. Cotton, 140 Ill. 503. "Trial courts should not hesitate to use their authority to restrain all efforts of attorneys to obtain verdicts by using unfair means and making remarks outside of the evidence; * * * and whenever such restraining influences do not effect the purpose, the fruits of such unprofessional conduct ought to be taken away by granting a new trial." West Chicago St. R. R. Co. v. Annis, 165 Ill. 478; Chicago Union Traction Co. v. Lauth, 216 Ill. 184. "It is the duty of the court to regulate the trial and the argument and conduct of attorneys, to preserve the dignity and decorum of the proceedings, to prevent wrangles between attorneys and to compel obedience to rulings and decisions." Lipsey v. People, 227 Ill. 373. The trial court certainly had the authority disclaimed, which, on objection, he should have exercised and insisted upon its recognition by counsel.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*