John B. Turner, Appellee, v. Lovington Coal Mining Company, Appellant.

1. NEGLIGENCE—*what not part of res gestæ.* The statement of a representative of a defendant corporation charged with negligence made a month after the injury in question is no part of the *res gestæ* and is not competent to bind such corporation.

2. EVIDENCE—*when admission of erroneous, though subsequently stricken out, ground for reversal.* If evidence clearly and prejudicially erroneous is admitted over objection, the fact that it may subsequently be stricken out or withdrawn, does not necessarily cure the error.

3. EVIDENCE—*when testimony of physician incompetent.* The testimony of a physician in an action for personal injuries as to some of the results which might be feared from the injury suffered by the plaintiff is improper as conjectural and speculative.

4. TRIAL—*what conduct ground for reversal.* It is improper for

counsel for the plaintiff in an action for personal injuries to inform the jury that the defendant carried accident insurance and that the defense was being conducted by counsel not retained by the defendant, and such conduct is ground for reversal.

5. INSTRUCTIONS—*when rulings upon, as to doctrine of assumed risk erroneous.* If the court in an instruction improperly limits the defense of assumed risk which is supported by evidence in the cause, if prejudice results a reversal will be ordered.

Action in case for personal injuries. Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed May 28, 1910.

H. M. STEELY and R. M. PEADRO, for appellant.

A. W. LUX and E. J. MILLER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The declaration in this case contains eleven counts, each of which in varying phraseology set forth, that on February 2, 1908, defendant was sinking a shaft for the purpose of developing a coal mine, which shaft had then reached a depth of 140 feet; that plaintiff was in the employ of the defendant as a laborer engaged in assisting to sink said shaft, and at the time of his injury was working on the night shift at the bottom of said shaft; that defendant had installed upon a platform in said shaft, about 15 feet from the bottom thereof, a steam pump for the purpose of removing water from said shaft; that said shaft was curbed up to the surface of the ground with a covering of joists and boards forming a floor or platform in which a doorway and door was placed, to allow the passage of buckets used in hoisting and dumping the material excavated in said shaft; that extending up said shaft from said pump there was an exhaust pipe with an elbow turn over the top of the curbing and beneath the said floor or platform; that said elbow then broke and a piece thereof fell down the shaft and struck the plaintiff on the head causing the injury complained of.

Three specific grounds of negligence are charged as affecting the duty of the defendant to exercise reasonable care to provide the plaintiff with a reasonably safe place in which to work: First, the use by the defendant of an elbow constructed of cast iron or other brittle material instead of some stronger metal; second, in placing said elbow beneath the platform at the top of the shaft instead of above said platform; and third, in permitting the curbing of the said shaft to sink whereby the said pump was necessarily lowered and its whole weight was suspended upon said elbow. A trial of the cause by a jury resulted in a verdict and judgment against the defendant for $1,250, from which judgment it prosecutes this appeal.

The trial court did not err in not giving to the jury the peremptory instructions tendered by the defendant at the close of the plaintiff's evidence and at the close of all the evidence. The plaintiff introduced evidence tending to show negligence on the part of the defendant in the respects charged in the declaration; that the plaintiff was in the exercise of due care for his own safety at the time of his injury; that the risk was not one assumed by him; and that his injury did not result from the negligence of a fellow servant, and the giving of a peremptory instruction at the close of plaintiff's evidence would have been wholly unjustified. The countervailing evidence upon the issues involved, introduced on behalf of the defendant, still left the facts open to the determination of the jury and in this case the giving of a peremptory instruction at the close of all the evidence would have been clearly an infringement by the court upon the province of the jury. As the judgment must be reversed and the cause remanded for another trial because of the errors of law hereafter mentioned we forbear a discussion in detail of the evidence adduced upon the trial.

Defendant insists that the court improperly permitted the plaintiff to testify that he had very little education; that he had never gone to school much; that he could read a little, but could not write very much, and that he had never filled any clerical position. This evidence was proper to be con-

sidered by the jury upon the question of damages, and defendant's objection to its introduction by the plaintiff was properly overruled. Graham v. Mattoon City Ry. Co., 234 Ill. 483.

The statement by the witness Frank Jackson, called on behalf of the plaintiff, that the defendant placed an elbow in the exhaust pipe above the platform immediately after the accident, was made by him in response to a question to which an objection had been interposed by defendant and sustained by the court. The statement was improper but defendant permitted it to remain in the record without objection.

Over the objection of defendant, Clarence Newlin, a witness called on behalf of the plaintiff, was permitted to testify that about a month after the accident, one Hensen, who the witness thought was the secretary of the defendant company, called upon the plaintiff, and in the course of a conversation then had, stated that the elbow in question was made of cast iron and was used because defendant did not have an elbow made of malleable iron. The alleged statement by Hensen was no part of the *res gestæ,* and its admission was improper. In a case as close upon the facts as is the case at bar, the action of the trial court, upon motion of the defendant, in subsequently striking out the testimony of the witness Jackson relative to said statement did not cure the error. The testimony of the witness James Noonan as to certain statements made by one Campbell, the superintendent of the defendant, was subject to the same objection and the action of counsel for plaintiff in subsequently announcing his withdrawal of the testimony of said witness did not cure the error. I. C. R. R. Co. v. Souders, 178 Ill. 585.

The testimony of the physician, Dr. Hoover, called as a witness on behalf of the plaintiff, as to some of the results that might be feared from the injury to plaintiff, such as epilepsy in the form of Jacksonian fits, insanity, inability to do any stooping work on account of the feeling of falling and dizziness in stooping, was improper as being purely con-

jectural and speculative. In Lauth vs. Chicago U. T. Co., 244 Ill. 244, it was held that the consequences relied on as a basis of recovery must be reasonably certain to result from the injury; that they cannot be purely speculative or merely probable or conjectural.

The record discloses that in at least two instances counsel for plaintiff successfully sought to inform the jury that the defendant carried accident insurance, and that the defense was being conducted by counsel not retained by the defendant. Like conduct by counsel for the plaintiff in cases of this character has been so frequently condemned by courts having appellate jurisdiction, and held in almost every instance to constitute prejudicial and reversible error, that any excuse therefor, in this case, is wholly unavailing. Fuller v. Darragh, 101 Ill. App. 664; Himrod Coal Co. v. Beckwith, 111 Ill. App. 379; Emery Dry Goods Co. v. DeHart, 130 Ill. App. 244; Parlin & Orendorff Co. v. Scott, 137 Ill. App. 454; McCarthy v. Spring Valley Coal Co., 232 Ill. 473.

It is urged that the second instruction given at the instance of the plaintiff improperly ignored the defense of assumed risk. An examination of the several counts of the declaration referred to in said instruction discloses that they contain averments which sufficiently negative the assumption by the plaintiff of the risk involved, and the instruction is not subject to the criticism made. The third instruction given at the request of plaintiff states a mere abstract rule of law, and in this case was calculated to mislead the jury.

The objections to the fourth and fifth instructions given at the request of plaintiff are in part answered by what we have heretofore said with reference to the second instruction, and the further objection that said instructions authorized the jury to consider the pain and suffering endured by the plaintiff apart from that resulting from his physical injuries as a distinct element of damages is not tenable. There was however no occasion for giving both of said instructions as one was substantially a duplicate of the other.

The seventeenth instruction tendered by defendant was clearly applicable solely to the alleged assumption by the

plaintiff of the risk arising from the breaking of the elbow by a sudden application of heat and said instruction was not improperly modified by limiting such defense of assumed risk to the sudden application of heat to said elbow.

Upon a re-trial of the case counsel for plaintiff will doubtless not permit their zeal for their client to go beyond the bounds of temperate and legitimate argument to the jury, and we, therefore, refrain from further discussion of the error assigned in that respect.

For the errors above indicated the judgment of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*