Henry Marriage, Appellee, v. Electric Coal Company, Appellant.

1. PRACTICE—*improper argument of counsel.* Argument of counsel to the jury as to the propriety of a ruling of the court and the effect of excluded evidence, commenting on objections of opposing counsel, when within their legal rights, and appeals to prejudices of the jury, violate the rules of practice, are improper and unprofessional, and constitute ground for reversal.

2. PRACTICE—*reading of law by counsel to jury.* In addressing the jury in civil cases, an attorney may present a view of the law, but he has no right to read from law books.

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. Kimbrough, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

Charles Troup, for appellant; Mastin & Sherlock, of counsel.

Thomas A. Graham, for appellee; Charles W. Fleming, of counsel.

Mr. Presiding Justice Thompson delivered the opinion of the court.

This is a suit brought by Henry Marriage against the Electric Coal Company to recover damages for personal injuries alleged to have been sustained by him while he was in its employ as a coal miner. The declaration contains several counts, some alleging that the defendant wilfully failed to comply with section 21 of the Mines and Miners Act, and others that the defendant was guilty of common-law negligence. The plaintiff recovered a verdict and judgment for $3,000. The defendant appeals.

The evidence shows that plaintiff was injured on February 4, 1911; that within two or three hours after he was injured, his family called a surgeon to examine and treat him; that all that the surgeon discovered was that plaintiff was suffering pain from bruises about the hip, there was neither any swelling nor any indications of a fracture or dislocation; the next morning the surgeon went to further examine or treat him but was told the family did not want him, that they had got another physician. The evidence does not disclose that any other physician was ever called to treat plaintiff, although he now claims that his hip was fractured and dislocated. The evidence leaves the question of the extent of plaintiff's injury in great doubt. To justify the amount of the damages awarded, the injury must have been serious and per-

manent in character; if the injury was slight then the damages awarded are excessive.

In the final argument to the jury by plaintiff's counsel, the statement was made that "Hartshorn Brothers are not here to-day, they were not here yesterday;" objection was made to this statement of counsel, the plaintiff's counsel proceeded "they are not taking any interest in the case;" objection was again made and counsel was admonished by the court to confine himself to the evidence; counsel proceeded "I will say this about it; it is no more unreasonable in this case that we did not call Mr. Marriage's brother than that they did not call the Hartshorn Brothers to show they were complying with the law in this case;" objection was again made to the remarks and counsel continued "Why, no. He argued why we didn't call this man's brother. Why didn't they call the Hartshorn Brothers?"

At another time counsel read section 21 of the Mines and Miners Act. Objection was made, and then counsel continued, "Why doesn't he want me to read that law to-day? Because his company violated it;" objection was sustained to this remark and counsel continued, "Well, Mr. Troup is very technical here this morning about this argument. He seems to be afraid to let me argue this case."

The record shows that plaintiff made an offer to exhibit his leg to the jury and counsel for defendant objected to this demonstrative evidence. The court said it would be better to have the description of the injury in the record in words if it could be done. Counsel for plaintiff in final argument commented on the objection of defendant to this offer of evidence, and why the leg was not exhibited to the jury; objection was made and sustained to this line of argument; counsel then proceeded to argue, "why didn't they call the company doctor?" There is no evidence in the record tending to show that the company physician ever saw the plaintiff. Counsel again com-

mented on the ruling regarding the exhibition of plaintiff's leg and got into another colloquy with the court.

Without reviewing the merits of the case for the reason that on another trial there may be additional evidence, it is sufficient to say the evidence is very conflicting, and of such a nature that improper conduct of counsel requires a reversal.

Hartshorn Brothers referred to by counsel for appellee may have had some interest in the mine as stockholders, but there is nothing in the case showing that they had any personal knowledge of how plaintiff was injured, but plaintiff's brother was with him in the mine at the time he was injured and knew about the circumstances under which he was injured. Comment on the absence of witnesses related to the parties to the suit, who are shown to have knowledge of the case, was proper but comment concerning the absence of parties not shown to know anything about the case was not permissible and was only made for the purpose of appealing to the prejudice of the jury.

The court had not permitted plaintiff to exhibit his leg to the jury. The conduct of counsel in arguing to the jury the propriety of this ruling and the effect of such evidence, which was not before the jury, was improper and unprofessional. Chicago & M. Elec. R. Co. v. Judge, 135 Ill. App. 377; Parlin & Orendorff Co. v. Scott, 137 Ill. App. 454; Turner v. Lovington Coal Min. Co., 156 Ill. App. 60. Counsel not only argued to the jury the effect of evidence not before it under the ruling of the court, but disregarded the ruling of the court on the propriety of his argument by in substance repeating what the court had held to be improper.

In civil cases the law is given to the jury by the court, and while counsel have the right to present their view of the law in argument, they have no right to read from law books to the jury. Counsel for appellee in this case not only read law to the jury, but after

objection was made to such improper conduct, deliberately disregarded the ruling of the court by commenting on the motives of opposing counsel making the objection, who were strictly within their legal rights. The conduct of counsel was a violation of the rules of practice and a wilful defiance of the ruling of the court. City of Chicago v. McGiven, 78 Ill. 347.

The unwarranted argument of counsel for appellee undoubtedly greatly influenced the jury in plaintiff's favor and the judgment must be reversed because of such unprofessional conduct. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*