Dorothy Louise Bunch, by Goldie May Bunch, her Next Friend, Appellee, v. Louis E. Abbott and Samuel E. Abbott, Trading as Abbott Brothers, Appellants.

Gen. No. 8,374.

Opinion filed February 3, 1930.

GILLESPIE, BURKE & GILLESPIE, for appellants; HUGH J. DOBBS, of counsel.

LESTER HOLMAN, for appellee; LEE W. ENSEL, of counsel.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Dorothy Louise Bunch, plaintiff and appellee, who brought this suit by her mother and next friend, recovered a judgment in the circuit court of Sangamon

county in an action on the case for the sum of $536. The injuries complained of were received as a result of a collision between a motor truck driven by the father of appellee in which she was riding and a motor truck driven by a servant of appellants. The accident took place on Cook Street near its intersection with Eleventh Street in the City of Springfield on November 21, 1928. The declaration consists of two counts, in the first of which it is alleged that the plaintiff was riding in a certain automobile truck as a passenger and guest of her father and that the defendants, contrary to the statute of the State, negligently and carelessly drove and operated, through their agent, their said automobile truck at a high, dangerous and excessive rate of speed along and through the closely built up residence district of the City of Springfield, along said street, the rate of speed, being, to wit, 30 miles per hour and that while she was so riding in the automobile truck as a passenger and guest of her father going east on East Cook Street between Eleventh and Twelfth Streets as aforesaid, and while she was using due care for her own safety, the defendants, through their agent, so carelessly and negligently operated and managed their said automobile truck that it ran into and against the automobile truck, in which plaintiff was riding, with great force and violence, thereby knocking the plaintiff against the windshield of the automobile truck in which she was riding and then down to and upon the ground and pavement whereby she was injured, etc. The second count is similar to the first, except that the averment in regard to the speed of the defendants' motor truck is omitted and in lieu thereof is an allegation of general negligence in the driving of the defendants' truck. The evidence is very close and conflicting. On the southeast corner of the intersection of Eleventh and Cook Streets was a gasoline filling station operated by W. L. Sickafus and R. W. Sickafus. Across the street, on the

northeast corner of the intersection, was another gaso-line filling station operated by Harry Mullins. Drive-ways lead from Cook Street to each filling station and terminate on Eleventh Street. On the north side of Cook Street, a Ford sedan was parked near the north curb and in front of the filling station located on the northeast corner of the intersection. This automobile was being serviced at the time by Harry Mullins, who was operating that filling station. The evidence intro-duced on behalf of appellee tends to show that she was riding on a 2½-ton truck driven by her father, who was employed by one Tony Enders; that in the cab of the truck were her father and mother and a baby in arms held in the arms of the latter; that appellee was seated between her father and mother; that standing behind the cab on the floor of the truck was her uncle, Chester Painter, brother of her mother; that the truck had crossed Eleventh Street and was proceeding in an easterly direction when the truck driven by an em-ployee of the defendants, proceeding in a westerly direction at a speed between 20 and 25 miles per hour, when about 15 or 20 feet from the parked Ford turned left without giving the signal therefor and headed to-wards the filling station on the south side of the street (the Sickafus station) going as far as the driveway approaching into that filling station, but as another car was standing in the driveway, the driver of appel-lants' truck, without stopping, turned back to the right, crashing into the truck appellee's father was driving on the right side as the latter turned from the south half of the street toward the north half to avoid being struck; that the force of the collision precipitated the plaintiff against the metal frame of the windshield and thence out into the street onto the brick pavement.

The evidence for appellants tends to show that the truck driven by their driver was proceeding along Cook Street toward the west; when it approached to within 15 or 20 feet from the parked Ford it was turned

to the left to go around the Ford, and then turned back to the right after it had passed the Ford and as it did so collided with the truck driven by the father of appellee and at the time of the collision a part of the latter's truck was on the north side of the middle line of the street; that the appellants' truck only swerved to the left when it passed the parked Ford and that it did not attempt to approach the entrance to the Sickafus filling station; that if the truck in which appellee was riding had been south of the center line of Cook Street the accident would not have happened.

On account of the very conflicting evidence in the case in regard to the alleged negligence of the driver of appellants' truck, it was important that no substantial error should be committed prejudicial to the defendant's interests which might influence the jury upon this question. During the examination of prospective jurors, the following occurred:

"Mr. Holman (attorney for plaintiff to prospective juror): Are you connected with or the agent for any insurance company? Mr. Dobbs (attorney for defendants): We object to that. The Court: Objection sustained. Mr. Holman (to another prospective juror in the second panel): Are you an officer, agent, director or stockholder of any insurance company? Mr. Dobbs: We object to that; there is no insurance company in this suit. The Court: Is there an insurance company party to this suit? Mr. Dobbs: There is not. The Court: Objection sustained. Mr. Holman (to another prospective juror in the third panel): You don't know about the insurance company in this case, do you? Mr. Dobbs: I object to that. There is no question of insurance in this case; that is not a proper interrogation. The Court: Objection sustained."

Whatever may have been the right of counsel for appellee to ask the first two questions objected to,

certainly the third question was highly improper and prejudicial. It practically told the juror that an insurance company was interested in the case. *Bishop v. Chicago Junction Ry. Co.,* 289 Ill. 63; *McCarthy v. Spring Valley Coal Co.,* 232 Ill. 473; *Emery Dry Goods Co. v. DeHart,* 130 Ill. App. 244; *Turner v. Lovington Coal Min. Co.,* 156 Ill. App. 60.

The third instruction given on behalf of appellee is as follows: "The Court instructs the jury that while the burden of proof is upon the plaintiff to make out her case by a preponderance or greater weight of the evidence, still, if the jury believe that the evidence in this case preponderates in her favor, *although but slightly,* it will be sufficient for you to find in her favor." This instruction is erroneous and has been so held in many cases. "It opened the door for the jury to take any view of plaintiff's case which they saw fit to take and to arrive at a verdict for any reason which might seem to them sufficient, without any rule to guide them. . . . The instruction also erroneously told the jury that if they found that the evidence bearing upon plaintiff's case predominates in her favor, although but slightly, it would be sufficient to find the issues in plaintiff's favor. This part of the instruction has also been criticised in many cases. It indicated that the preponderance of the evidence was a small matter, and sought to minimize, and thus reduce to the lowest limit, the requirement of a preponderance of the evidence." *Molloy v. Chicago Rapid Transit Co.,* 335 Ill. 164.

The above instruction was particularly harmful in this case where the evidence as to the negligence of the servant of appellants was so close and conflicting.

For the errors indicated, the judgment of the circuit court of Sangamon county is reversed and the cause remanded.

*Reversed and remanded.*