*D. D. Pratt*, for the plaintiff.

---

## THOMPSON *v.* GRIMES.

In slander, it is the province of the jury to determine the actual meaning of the words charged, and the sense in which they were understood; but the

Nov. Term, 1854.

THOMPSON
v.
GRIMES.

Friday, December 1.

question, what constitutes a crime or offence, the imputation of which is slanderous, is to be determined by the Court.

The refusal of an instruction asked can not be assigned for error where it has been given by the Court in a general charge.

It is not error to refuse an impertinent instruction.

APPEAL from the *Johnson* Circuit Court.

DAVISON, J.—Case for slander by *Grimes* against *Thompson*. The words charged in the declaration and relied on in support of the action, were these: " He," (the plaintiff) "is too far off now to steal any more of my" (defendant's) "money. If he did not steal it directly, he did it indirectly." Plea, the general issue. Verdict for the plaintiff. Motions in arrest and for a new trial overruled, and judgment, &c.

At the trial the plaintiff proved by at least six witnesses that the defendant, in a certain conversation, uttered the identical words above set forth; but an equal number of witnesses produced by the defendant, who were present when the alleged words were spoken, testified that afterwards, in the same conversation, he added these words: " He" (the plaintiff) " used up my" (the defendant's) " stuff; made tight work of it, and appropriated the money to his own use; and I don't consider that any better than stealing." The plaintiff's witnesses, though they were present during the whole conversation, did not hear the additional statements.

The defence mainly assumed the ground that the latter words explained the former, and showed that the defendant intended to charge a breach of trust merely, and not the crime of larceny.

The Court charged, that the additional words, viz., " He used up my stuff, made tight work of it, and appropriated the money to his own use, and I don't consider that any better than stealing," were not actionable; but that whether they, in their natural import, did explain the slanderous words previously uttered, so as to show that the defendant intended only to charge the plaintiff with fraud or a breach of trust, was a question for the jury.

This instruction, it is said, is erroneous, because it left to the jury that which properly belonged to the Court. It

was evidently a question of fact, whether the additional words were or not spoken. But if they were, did they, in their natural import, explain those previously uttered, so as to show that the defendant did not intend to impute the crime of larceny? And was it the province of the jury to answer that question?

The respective functions of a Court and jury, in cases of this kind, are very accurately illustrated in *Dexter* v. *Taber*, 12 Johns. 239. The words charged in the declaration as slanderous, in that case, were, "You are a thief." The witnesses who proved the speaking of the words went on to explain in what connection, and in reference to what subject, the words were spoken; and it then appeared that the language used by the defendant was, "You are a thief. You stole hoop-poles and saw-logs from off *De-lancy's* land." And the witnesses said that they supposed that the words spoken alluded to the cutting of standing timber. The judge told the jury, that it was for them to decide whether the words, as proved, amounted to a charge of theft or trespass; that if the defendant intended to charge the plaintiff with taking hoop-poles and saw-logs already cut, it was a charge of felony; but if he meant to charge him with cutting and carrying them away, it was only charging him with having committed a trespass. And in what sense the words were intended to be used, was for the jury to determine. The jury found for the defendant, and the instruction and finding were sustained by the Supreme Court. So in *Bayley* v. *Lawrence*, 11 Adolph. and Ellis 920, which was an action for a libel, *Denman*, C. J., who delivered the opinion of the Court, said that he had always left it to the jury to say whether, under the circumstances, the publication amounted to a libel. See, also, 2 Greenleaf's Ev. s. 411.

The authorities on this subject are numerous, but not uniform; but the weight of them seems to accord with the cases above cited. The rule may be stated thus: "The actual meaning of words, in the particular case, and the effective sense in which they were understood, as matter of fact, is a consideration for the jury; but the question

Nov. Term,
1854.

THOMPSON
v.
GRIMES.

what constitutes a crime or offence, the imputation of which is slanderous, is of course a matter of law." 1 Am. Lead. Cas. 153.

From this view the charge of the Court, in the present case, appears to be correct. It is clear that the additional words, viz., "He used up my stuff," &c., were not, in themselves, actionable: still it was for the jury to determine the "*quo animo*" they were spoken, the sense in which they were used, and whether they explained the words alleged in the declaration, so as to show that the defendant did not, by using them, intend to impute a felony.

At the proper time, the defendant moved the Court to instruct the jury as follows:

1. If the words laid in the declaration, though proved, do not in their natural meaning import a charge of larceny the jury ought to find for the defendant.

2. The words "if he did not do it directly, he did it indirectly," are not, in themselves, actionable.

3. Evidence of a breach of trust by the plaintiff toward the defendant would be inadmissible on the part of the defendant.

These instructions were properly refused. The first because it was given by the Court in its general charge. The second was not pertinent to the case: the words "if he did not do it directly he did it indirectly," constituted a part of one set only, and were not, in themselves, claimed to be actionable. Moreover, the Court told the jury, that "all the defendant said at any one conversation must be taken together; and if the same when so taken do not amount to a charge of crime, the verdict should be for the defendant."

We think the third instruction moved by the defendant, in the abstract, states the law; but there is nothing in the record to which it applies. No evidence was given, or even offered, in relation to a trust existing between the parties; nor was it shown that the plaintiff was ever employed by the defendant in any capacity.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*F. M. Finch,* for the appellant.

*W. J. Peaslee* and *M. M. Ray,* for the appellee.