# ALLEN M. HAYS

## v.

# FRANCIS C. MATHER.

1. LIBEL—QUESTIONS FOR COURT AND JURY.—It is for the court to decide whether a publication is *capable* of the meaning ascribed to it by an *innuendo*, and for the jury to decide whether such meaning is truly ascribed.

2. CHARGE OF DISHONESTY IN BUSINESS, ACTIONABLE.—Any charge of dishonesty against an individual in connection with his business, whereby his character in such business may be injuriously affected, is actionable.

3. LIBEL.—A and B had been carrying on the commission business under the firm name of B & Co. A, a minor, bought out B's interest in the property and good will of the concern. B prepared and sent to the customers of A, a postal reading as follows: "Dear Sir: I drop you a line to let you know A, my successor in business, is not legally responsible for his contracts, as he is yet a minor, under 21 years of age. A word to the wise is sufficient. Store, No. 118 South Water street, I shall occupy and do business. Would be pleased to hear from you. B." *Held*, that the words of this publication are capable and reasonably susceptible of a defamatory meaning as respects A, in connection with his business.

ERROR to the Superior Court of Cook-county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed May 20, 1884.

This action was brought in the court below, by Hays against Mather, to recover damages for an alleged libel. The declaration contains three counts, the first of which is in substance as follows:

First count: Plaintiff and defendant in March, 1882, formed copartnership, in firm name F. C. Mather & Co., as commission merchants, to receive and sell on commission, produce and property consigned to them, and carried on such commission business at No. 118 South Water street, Chicago; and in the course of such business received consignments of property, sold and accounted for the same for many consignors and shippers in Illinois and other Northwestern States, and said firm, in their commission business, had acquired much credit, patronage and popularity; and on 23d day of September, 1882, plaintiff, then

Hays v. Mather.

being of the age of twenty years and five months, purchased defendant's interest in the business, the property and fixtures and the good will of F. C. Mather & Co., and the goods coming consigned to F. C. Mather & Co., for period of one year; defendant retiring from the business, plaintiff continued it on his own account. Yet defendant, intending to injure plaintiff as a commission merchant and his commission business, to bring him into discredit and disgrace, particularly among shippers and consignors who had dealt or might deal with plaintiff, and to cause it to be believed that because of being a minor, plaintiff would convert to his own use the property or proceeds of property of plaintiff's bailors and consignors, maliciously, etc., composed and published on the 29th day of January, 1883, in the form of postal cards, circulated by mail and addressed to divers of the patrons of plaintiff and F. C. Mather & Co., in the State of Illinois and other States, a malicious, false, scandalous and defamatory libel of and concerning plaintiff in his character as a commission merchant, among other things the following:

"DEAR SIR: I" (meaning defendant) "drop you a line to let you know A. M. Hays," (meaning plaintiff) "my successor in business, is not legally responsible for his contracts," (meaning in respect of his dealings as a commission merchant in his said commission business) "as he" (meaning plaintiff) "is yet a minor, under twenty-one years of age. A word to the wise is sufficient" (meaning, enough said. Beware, lest under cover of infancy said Hays appropriate and convert your property or proceeds thereof to his own use). "Store, No. 118 South Water St., I" (meaning defendant) "shall occupy and do business. Would be pleased to hear from you.

F. C. MATHER."

The count avers that by means of said grievances the plaintiff was injured in his good character, credit and standing among correspondents, consignees, shippers, etc., and has suffered special damages by thereby losing the custom of certain persons, naming them.

The second and third counts were similar to the first. To

each count the defendant filed a plea simply averring that at the time when, etc., the plaintiff was a minor and that he is not legally responsible upon his contracts. To these pleas the plaintiff demurred. The court overruled the demurrer as to the pleas, but carrying it back sustained it to the declaration, and gave final judgment against the plaintiff, who brings error to this court.

Mr. JOHN LYLE KING, for plaintiff in error; that the publication was libelous, cited Stewart v. Howe, 17 Ill. 71; Nelson v. Borchenius, 52 Ill. 236; Odger's Libel and Slander, 31; King v. Lake, Ventr. 28; Phillips v. Hoeffer, 1 Penn. 62; Ostrom v. Calkins, 5 Wend. 263; Harrison v. Thornborough, 10 Mod. 11; Cheese v. Scales, 10 M. & W. 488; Carpenter v. Denny, 3 Sandf. 305; Craig v. Brown, 15 Ben Monroe, 186.

Mr. A. S. TRUDE, for defendant in error; cited Townsend, Libel and Slander, 538; Fry v. Bennett, 5 Sandf. 54; Commonwealth v. Snelling, 15 Pick. 335; Van Vechten v. Hopkins, 5 Johns. 226.

McALLISTER, P. J.  When the words of an alleged libelous publication are not reasonably susceptible of any defamatory meaning, the court is justified in sustaining a demurrer to the declaration. But if they are reasonably susceptible of two constructions, the one innocent and the other a libelous construction, then it is a question for the jury which construction is the proper one; and in such case if the defendant demurs to the declaration, his demurrer will be overruled. Odger on Libel and Slander, 26.

A rule involving substantially the same idea has been concisely stated thus: It is for the court to decide whether a publication is *capable* of the meaning ascribed to it by an *innuendo*, and for the jury to decide whether such meaning is truly ascribed. Blagg v. Sturt, 59 E. C. L. 899; Jenner v. A. Beckett, L. R. 7, Q. B. 11; Mulligan v. Cole and others, L. R. 10, Q. B. 549; Thompson v. Grimes, 5 Ind. 385.

It follows as a logical result of the application of the above

rules to this case, that if the words of the publication set out in the plaintiff's declaration, to which the court below sustained a demurrer, are capable, or reasonably or fairly susceptible of any defamatory meaning as respects the plaintiff's occupation or business, as a commission merchant, then, in sustaining such demurrer, the court erred.

Any charge of dishonesty against an individual, in connection with his business, whereby his character in such business may be injuriously affected, is actionable; or, as was said by Bayley, J., in Whittaker v. Bradley, 16 E. C. L. 310, " whatever words have a tendency to hurt, or are calculated to prejudice a man who seeks his livelihood by any trade or business, are actionable." Orr v. Skofield, 56 Maine, 483; Ostrom v. Calkins, 5 Wend. 264.

The plaintiff, though a minor, lacking a few months of the period of his majority, had the lawful right to seek a livelihood by carrying on the business of commission merchant, the same as the defendant or any other adult, and is just as much entitled to the protection of the law in so doing as the defendant or any other adult. If it were otherwise, what would become of our young men, who, frequently, before they are out of their majority, are obliged to support a widowed mother, or orphaned brothers and sisters left in poverty, or at all events to support themselves? Are such young men to be regarded as out-laws, so far as adult competitors are concerned?

The declaration shows that the plaintiff and defendant had, from some time in March, 1882, been carrying on the business of commission merchants, at 118 South Water St., Chicago, under the firm name of F. C. Mather & Co.; that they had built up a good business, acquired credit and popularity in their business; that September 23, 1882, the plaintiff, Hays, bought out the defendant Mather's interest in the property and good will of the concern, and continued the business; that January 29, 1883, the defendant prepared and sent to the customers of plaintiff, through the mails, a postal card reading:

"DEAR SIR: I drop you a line to let you know A. M. Hays,

my successor in business, is not legally responsible for his contracts, as he is yet a minor, under twenty-one years of age. *A word to the wise is sufficient.* Store, No. 118 South Water street, I shall occupy and do business. Would be pleased to hear from you.

F. C. MATHER."

We are of opinion that the words of that publication are capable and reasonably susceptible of a defamatory meaning as respects the plaintiff, in connection with his business. They convey, in a somewhat disguised, but very insidious manner, the defamatory imputation of dishonesty in connection with that business. What other conclusion can be arrived at? The writer refers to the plaintiff as his successor in business. That conveys the idea or information that the writer is well acquainted with the plaintiff and his business character. The plaintiff, it is then said, is not legally responsible for his contracts, as he is yet a minor. That conveys the idea that those who deal with him are without any legal remedies arising from any breach of contract. If the publication had stopped there it probably would not have been fairly susceptible of any defamatory meaning, because, so far, the words were true, and persons contemplating dealings with plaintiff would be likely to say, "there being nothing against his pecuniary ability, and his character for honesty being good, I would rather trust to the latter than to legal remedies." But when what was previously said is followed by the significant and proverbially precautionary words—"A word to the wise is sufficient," the idea is at once conveyed that plaintiff is also wanting in honor and integrity as a business man, and that those who should deal with him would suffer loss. That such publication was calculated to injure the plaintiff's character in business there can be no doubt; and that it did, is specially averred in the declaration. The judgment of the court below will be reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

Reversed and remanded.