## Philip W. Mothersill, Defendant in Error, v. Wilbur Glenn Voliva, Plaintiff in Error.

### Gen. No. 5311.

1. SLANDER AND LIBEL—*when article libelous of person not named.* If extrinsic facts and circumstances are averred and proved which show that a person not named in the libelous publication was intended and generally understood as being the person referred to, the publication is libelous as to such person.

2. SLANDER AND LIBEL—*when damages awarded are excessive.* A verdict for $10,000 in an action for libel brought by a lawyer is excessive where no proof of actual damages being suffered is made.

3. TRIAL—*when arguments of counsel ground for reversal.* To state that no instructions have been asked out of motives of caution, and notwithstanding the remonstrance and admonitions of the court, to persist in such statement, is so prejudicial as to require reversal.

Trespass on the case. Error to the Circuit Court of McHenry county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

A. K. STEARNS, GEORGE W. FIELD and D. T. SMILEY, for plaintiff in error.

ORVIS & BEAUBIEN, D. R. JOSLYN and W. H. FABRY, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff in error was acting general overseer and leader of a certain faction of a religious society known as the Christian Catholic Apostolic Church in Zion, in the city of Zion, in Lake county. Defendant in error was an attorney residing in the city of Zion, but was not a member of the society of which plaintiff in error was overseer, nor of any church, and was an active member of a faction opposed to plaintiff in error, and had been city attorney of Zion City and a salaried officer of the Zion law department. Plaintiff in error

caused to be published and circulated hand bills, concerning the faction with which defendant in error was associated, which defendant in error claims were a libel. Defendant in error brought suit in the Circuit Court of Lake county to recover damages sustained by him by reason of the alleged libel. The declaration contains three counts. There was a trial in Lake county and a verdict for $14,000 which was set aside on motion. A change of venue was then granted to McHenry county where on a trial a verdict was rendered on the third count of the declaration for $20,000. A *remittitur* of $10,000 was entered and judgment rendered for $10,000 and the defendant prosecutes this writ of error to review that judgment.

Part of the hand bill which defendant in error alleges libelled him is as follows, the words declared upon being italicized:

"Back to Zion City
with
A Happy Greeting.

To all who love God and are standing firmly for Zion, and with a

Declaration of War
*against the*
Hosts of Hell in Zion City.

Represented principally by the Disgusting Municipal League and still More Disgusting Windbag of a Paper, the Zion City News.

*Let all Zion stand together and be prepared to resist every movement of the Traitors and Hypocrites in Zion City.*

Be prepared to move forward as one man, ecclesiastically, educationally, commercially and politically.

Dr. Brister is the only Zion Dentist in Zion City, Patronize no other.

*In reference to all Legal Questions, first see Deacon Forby and he will then direct you to a Good Lawyer. Have nothing to do with little Upstart Democrats who are just Flipping the pipps off their bills.*

Buy no coal until after Important Announcement to be made next week.

*Zion will stand no Nonsense from Anybody, and in the Name of the Most High God, I defy the whole outfit, from the little two legged Fice-dogs that snarl at my heels on the streets to the cunning Tricksters who meet behind closed doors and plan to execute their Master's Plots for the Destruction of Zion City.* Let all Zion give any High School run by Higley and Harney a wide berth. Zion is Able to take care of her own and will do it. Important announcement to-morrow.

. Let Zion combine and down politically every Traitor in the City.   *   *   *"

Plaintiff in error contends that the part of the hand bill on which the suit is brought is not libelous.

· The defendant in error in the declaration has pleaded extrinsic facts and innuendoes setting forth the latent and injurious meaning of the words. We are of the opinion that parts of the publication are susceptible of the meaning ascribed to it, and if the meaning ascribed is the true meaning then it was libelous. Under such circumstances it becomes a question of fact for the jury to say from the evidence whether such meaning was truly ascribed, and whether the defendant in error was the party intended, although not named in the publication. Hays v. Mather, 15 Ill. App. 30.

It is also insisted that the verdict was the result of passion and prejudice and that the judgment, even after the *remittitur,* is excessive. There is no proof in the record that by reason of the publication the defendant in error sustained any actual damages. He did not lose any business nor was he prevented from obtaining any business he would otherwise have obtained. There were but two law firms in the city, and defendant in error remained the attorney of his faction, bound to it by the ties of a religious strife. The amount recovered must be considered as almost wholly vindictive and far in excess of the amount, if any, he is entitled to recover.

In the final argument made to the jury in behalf of defendant in error counsel forgot that he was in a court of justice, and appealed to the passions of the

jury rather than to their reason and judgment. We quote a few expressions: ''Now when you consider this libel, and it is a libel, or it would not be here for you to try.'' ''He hangs pearls on his breast, and his swelling paunch he decorates with jewelry almost enough to start a jewelry shop.'' ''You have got to say by your verdict whether a man who is assaulted as this young man was, he can rely absolutely on the law of this state or if he has to take a shot gun.'' ''It is for you men to judge from all this evidence; I charge that on behalf of the defendant, but one witness who has taken the witness stand, even Voliva and every man and every woman who has testified here, testified to words that the defendant right there, put in their mouths.'' ''You cannot stop a thing of that kind with any small amount of fine; you cannot penetrate his hide with any small amount of money. * * * It has got to be such an amount as will take that pearl off his breast for a little time at least; he could pawn it; and you could rob him of one half that watch chain; he don't need but one half of it.'' ''He tries to hold his power, tries to milk these poor people, credulous and honest that have come in here—deacons and deaconesses through fear have come here —'' ''Mr. Orvis and myself consider it better practice where, as in a case of this kind the law is plain, not to ask any instructions for the jury at all on our side, where there is nothing complicated as to the law.'' The Court: ''The instructions are the instructions of the Court; they are not the instructions of either side.'' Counsel: ''If there is any error —'' The Court: ''You are not correct in talking of that subject to the jury. They are the instructions of the court.'' Counsel: ''I except to the court's statement and insist that the instructions given or offered by the plaintiff will reverse this case if they are given and found to be incorrect. Gentlemen of the jury, we have asked no instructions.''

The court was unable to restrain counsel; the rulings of the court were disregarded. The deliberate repetition of the statement that defendant in error asked

no instructions after the admonition of the court, is misconduct so reprehensible as of itself to require a reversal of the case. I. I. & I. R. R. Co. v. Otstot, 212 Ill. 429; Wiersema v. Lockwood, etc., 147 Ill. App. 33. The judgment is reversed because the damages assessed are excessive and because of the improper conduct of counsel, and the cause is remanded.

*Reversed and remanded.*