Mae Smith, Appellant, v. C. Frank Raup, Appellee.
Gen. No. 9,319.

Opinion filed June 22, 1938.

J. E. GOEMBEL and B. JAY KNIGHT, both of Rockford, for appellant; WALKER F. HULL, of Rockford, of counsel.

MADDEN & LADEN, of Rockford, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

Between 6:30 and 7 o'clock on the evening of January 2, 1937, Mae Smith, while walking in a westerly direction across Rockton avenue on the northerly side of the intersection of that avenue and Acorn street, in the city of Rockford, was struck by an automobile owned and being driven by C. Frank Raup. To recover for the injuries which she sustained, this suit was instituted. After the issues had been made up, the cause was submitted to a jury, resulting in a verdict finding the defendant not guilty. After overruling a motion for a new trial, judgment was rendered on the verdict and plaintiff appeals.

The errors relied upon for reversal are that the verdict is the result of passion and prejudice, is manifestly against the weight of the evidence, was due to improper argument of counsel, to an error in the introduction of evidence and to the refusal of the trial court to give certain proper instructions offered by appellant.

The evidence discloses that appellant, at the time she was injured, was 56 years of age and was employed at the Wyman Street Delicatessen, that she had alighted from a bus at the southeasterly corner of the intersection of Rockton avenue and Acorn street. She walked north across Acorn street to the sidewalk along the northerly side of Acorn street and then turned west to cross Rockton avenue. The bus upon which she had been a passenger had left the intersection and proceeded north on Rockton avenue. The evening was cold, the wind was blowing and appellant was holding her hat on with her left hand with her head partially protected by her coat. Appellant testified that as she started west across Rockton avenue she looked and saw one car to her south coming north, that she passed in front of this car and it did not stop but proceeded north on Rockton avenue. According to her testimony, just as she reached the street car tracks in the center of Rockton avenue, appellee's car, which had been hidden from her view as it was behind the first car, swerved to the west in order to pass the car which she had observed and in so doing she was struck by the bumper of appellee's car, thrown into the air and came down on the headlight, sustaining severe injuries.

Appellee was driving a Chevrolet coach sedan occupied by his daughter, who was riding in the front seat with him. They both testified that as they proceeded north along Rockton avenue, another car came from the east, going west on Acorn street, that it stopped at the intersection and then proceeded through the intersection before appellee's car entered the intersection. They both testified that they were not following any car and that no other car was ahead of them and they did not attempt to pass any car; that when appellee's car entered the intersection, it was going 20 to 25 miles per hour. Appellee testified that when he first saw appellant she was about 10 feet from him, that she was

then 6 or 8 feet west of the east curbing on Rockton avenue, that he was proceeding along his proper traffic lane and that he immediately applied his brakes and turned to the left in order to avoid hitting appellant, that when his car struck her he was travelling 5 to 8 miles per hour and after the collision his car only proceeded a few feet and that the right headlight of his car came in contact with appellant.

P. E. Hunter testified on behalf of appellee to the effect that he was engaged in the life insurance business and that his car was parked on Rockton avenue north of Acorn street about 35 feet from the place of the accident, that he was standing on the left side of his automobile and looking south, that he observed appellant as she was proceeding across Rockton avenue, and that appellee's car was about 15 feet from appellant when he first observed her and noticed appellee's car, that after appellant was struck, appellee's car did not proceed more than 3 or 4 feet, that appellant fell in front of the car and her body lay on Rockton avenue, 3 or 4 feet north of the north sidewalk line of Acorn street if extended westerly across Rockton avenue, and some 10 or 12 feet west of the east curb of Rockton avenue. This witness testified that there was no other automobile in sight at the time of the accident, that he did not see any automobile in front of appellee's car and did not see any car going west at the intersection.

Ivar Johnson testified on behalf of appellant that he was a police officer and that after the accident he went to the hospital to which appellant was taken and there had a conversation with appellee in which he stated that a car had passed in front of him before he reached the intersection, that appellant had stepped from the curb and proceeded to walk across the street with her head down and stepped right into the path of his car and he didn't see her until he was on top of her. Stanton Kreger testified on behalf of appellant to the

effect that he was also a police officer in Rockford and went to the Rockford hospital after the collision and that appellee there said to him that he did not see appellant until it was too late for him to put on his brakes and avoid hitting her.

Following the collision appellant was not unconscious. Appellee immediately stopped his car and assisted her therein and took her to the Rockford hospital where she remained over night and was then taken to the home of her sister-in-law, where she was confined to her bed for three weeks. Rockton avenue, it was stipulated, was a through street so designated by ordinance and there was an electric arc light at the intersection in question, which was burning, and the electric headlights on appellee's car were lighted. All the evidence is that there were no automobiles coming from the north going south and none coming from the west going east and the weight of the evidence supports appellee's version that he was not following any car which was proceeding in the same direction he was going and that he did not pass or attempt to pass any automobile just before his car struck appellant. The evidence of appellee and his daughter is that appellant on the way to the hospital stated that she did not see appellee's car or any car coming. Appellant denied saying this. She did testify, however, that, as she proceeded across Rockton avenue, she was holding her hat on her head with her left hand and that her coat was partly pulled up over her head. All the evidence is that appellee was proceeding along a through street with his car under control and it responded promptly when the brakes were applied. From a review of all the evidence in this record, it is apparent that the verdict of the jury is not manifestly against the weight of the evidence.

Counsel for appellant called appellee as an adverse witness under section 60 of the Practice Act [Ill. Rev. Stat. 1937, § 184, ch. 110; Jones Ill. Stats. Ann. 104.060]

and during the course of his examination he testified without objection that after the accident and before starting for the hospital, appellant asked him if he carried insurance. Upon his direct examination, when called as a witness in his own behalf, appellee testified that before starting for the hospital the only remark appellant made was to inquire of him whether he had insurance, her attorney objected and the court stated that the witness had already testified to the same thing upon cross-examination. The objection was overruled and appellee answered that in reply to appellant's inquiry as to whether he had insurance, he said "No."

Counsel for appellant, in their argument, state that counsel for appellee began at an early stage of the trial and persisted in, during the course of the trial, a determined effort to inform the jury that appellee carried no liability insurance on his automobile and argue that judgments have frequently been reversed when testimony has been introduced which informs the jury that one of the parties has or has not liability insurance and cites in support of this statement *Wiersema v. Lockwood & Strickland Co.,* 147 Ill. App. 33, and *Emery Dry Goods Co. v. DeHart,* 130 Ill. App. 244. These cases hold that it is improper to show that the defendant is insured against loss in case of a recovery against the defendant on account of his negligence. What is said in those cases and many others that might be cited has no application here. Indemnity insurance is very generally carried by automobile owners and drivers. In the instant case, the jury learned of the fact that appellee did not carry such insurance as a result of appellee and his daughter testifying as to the reply which appellee made to an inquiry of appellant. If appellee had not been permitted to state his answer to appellant's question, the jury could have inferred that any verdict which they returned, if in favor of appellant, would have to be paid by an insurance com-

pany. This court recognizes that the belief is prevalent and widespread that in cases of this character the defendant is really the nominal party in interest and that the real defendant, whose pecuniary interest is at stake, is an insurance carrier and no valid reason has been suggested by counsel or occurs to us why appellee, in the instant case, should be precluded from proving, if such was a fact, that he himself would be pecuniarily affected by any verdict that might be returned against him. The trial court committed no error in admitting this evidence.

During the course of his argument to the jury, one of appellee's counsel stated that it was to be regretted that any one gets hurt in an automobile accident but that was no reason why the jury should take money out of appellee's pocket, whom counsel referred to as one of our citizens and a laboring man. An objection to this argument was sustained, the court stating that there was nothing in the evidence upon which to base the statement. Counsel insist that this argument was highly prejudicial and call our attention to *Williamson v. Hirsh, Stein & Co.*, 147 Ill. App. 500; *Kurtz v. Evans,* 201 Ill. App. 180 and *Westbrook v. Chicago & N. W. Ry. Co.,* 248 Ill. App. 446. The testimony of appellee was that he was transportation manager for Hess and Hopkins Leather Company. The argument condemned in the cases cited alluded to or contrasted the wealth or poverty of the respective parties. All that counsel stated here was that appellee was a laboring man. This is the only objection made during the entire course of counsel's argument. The objection was promptly sustained, no further reference to appellee's employment was made by counsel and if the argument was unwarranted by the evidence, appellant's rights were not prejudiced thereby.

At the request of appellant the court gave to the jury ten instructions and refused four and it is insisted that

the court erred in declining to give each of these four instructions. The first refused instruction told the jury that the weight to be given to the testimony of any witness was for the jury to determine and stated that they might take into consideration among other things the relationship of any witness to any of the parties. The only witness who testified was the daughter of appellee and an instruction should not single out or call attention to the testimony of any particular witness. Furthermore, appellee's second given instruction correctly stated the rule. Appellant's refused instruction number two was covered by her tenth given instruction. Refused instruction number three was properly refused. A portion of the first paragraph in its reference to appellee's duty to avoid striking other automobiles on the highway was not applicable to the facts in this case and appellant's ninth instruction covered everything that was properly embraced in this third refused instruction and appellant's given fourth instruction covered fully and adequately the rules of law stated in refused instruction number four.

We have read all the evidence as abstracted by counsel for appellant. The issues made by the pleadings were submitted to the jury under proper instructions. In our opinion the verdict was warranted by the evidence. The trial court approved it. No reversible error is found in the record and the judgment will therefore be affirmed.

*Judgment affirmed.*