**Henry F. Humkey, Plaintiff-Appellant, v. Hueslmann Quarry, Inc., and Arthur Hoerchler, Defendants-Appellees.**

**Term No. 51F13.**

Opinion filed May 25, 1951.
Released for publication June 25, 1951.

MEYER & MEYER, of East St. Louis, for appellant; MICHAEL F. GODFREY, of counsel.

ANDREW O. NIEHOFF, and MAURICE B. JOHNSTON, of Carlyle, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by plaintiff-appellant, Henry F. Humkey (hereinafter called plaintiff) from a judgment in bar of his cause of action and against said plaintiff for costs, rendered on the verdict of a jury in a case which had been instituted by plaintiff against defendants-appellees, Hueslmann Quarry, Inc., a corporation, and Arthur Hoerchler (hereinafter called defendants).

It was contended on the 18th day of April, 1949, the automobile in which plaintiff was riding was involved in a collision with a truck owned by defendant Hueslmann Quarry, Inc., a corporation, and driven by defendant Arthur Hoerchler, an employee of Hueslmann Quarry, Inc., on U. S. Highway No. 50, three miles east of Breese, Clinton county, Illinois and near the Beaver Creek bridge in said county.

It appears that both vehicles were traveling in a generally westerly direction and that the truck owned by the defendant Quarry Company was to the front or ahead of the automobile in which plaintiff Humkey was riding. It appears the plaintiff Humkey, William Elsey, Anthony Skees, and Joseph Bryant left Louisville, Kentucky, between 12:30 and 12:45 P.M. on April 18, 1949, to return to St. Louis, Missouri. Elsey drove the automobile from Louisville to Sholes, Indiana, and then Anthony Skees did the driving until

they reached Salem, Illinois, where Elsey again resumed driving. Skees was sitting next to the driver in the front seat, and plaintiff sat behind Elsey, with Joseph Bryant sitting across from plaintiff in the rear seat. The automobile in which they were riding was a 1949 Nash and was in a good state of repair. As they drove along U. S. Highway No. 50 they were traveling about 50 or 60 miles per hour. The highway near the point of the collision is a blacktop road about 22 feet wide. The collision occurred near the Beaver Creek bridge. The bannisters and railing on the north and south side of the bridge are concrete and the bridge is about 20 feet wide. There is a white line down the center of the highway. The 1949 Ford dump truck owned by defendant Quarry Company and driven by defendant Hoerchler was a four-wheel, long-base dump truck, with a bed 6 feet wide and about 10 feet long, and the truck was equipped with dual wheels and weighed 6,500 pounds when empty.

As the automobile in which plaintiff was riding approached the Beaver Creek bridge about 5:00 P.M. on the afternoon of the accident the weather was clear and the visibility good. There was a long string of trucks and the car in which plaintiff was riding passed two trucks and then came up behind defendant's dump truck. It is the contention of plaintiff that as they approached the dump truck it veered over the center line about an inch and then went back to its portion of the highway, and then again got one or two inches over on the black line and struck the right front of the automobile in which plaintiff was riding. It appears the impact took place about 50 feet from the bridge, on the east side of the bridge, and that the car in which plaintiff was riding was traveling 50 or 60 miles an hour at the time of the impact. Plaintiff contends that the car in which he was riding hit the east end of the bridge and slid along the bannister and guard rail

379

approaching the bridge and that as the result thereof the car was badly damaged and plaintiff severely injured.

In opposition to the contentions advanced by plaintiff and his witnesses as to the manner in which the accident happened the record discloses the testimony of the defendant Hoerchler, who testified he observed the car in which defendant was riding approaching him from the rear at a speed which he estimated to be 80 miles an hour. This defendant testified he did not observe or feel anything of an impact between the automobile in which plaintiff was riding and his truck, but that he did hear a noise and saw a cloud of dust and glanced back. This defendant further testified that he was driving on his right-hand side of the center line of the highway and at no time crossed over the center line of the road or center line of the bridge. The evidence disclosed that after the accident there was a scratch on the right-front fender of the car in which plaintiff was riding, and a green streak about one inch wide and about two-thirds of the way around the left-rear tire of the truck.

The errors relied upon for reversal of this case in this court are as follows, (1) that the court erred in denying plaintiff's motion to withdraw a juror when defendants' counsel on the opening statement informed the jury that the defendant was not covered by a policy of insurance; (2) that the court erred in the giving of certain instructions; and (3) that the court erred in allowing defendants' counsel to call a juror by name during argument.

In considering the insurance feature injected into this case we find that after the jury had been selected and during the opening statement by defendants' counsel it was stated to the jury by defendants' counsel, ''that there is no insurance in this case.'' To this statement counsel for plaintiff interposed an objection and

asked that a juror be withdrawn and the case continued. The court overruled the objection and the record does not disclose that any further reference to the matter of insurance was made in the case until counsel for plaintiff was arguing the case to the jury, at which time he called attention to the fact that a statement concerning insurance was made in the opening statement by counsel for the defendant and that no evidence had been offered to substantiate that statement and told the jury that the statement that counsel made in his opening statement with reference to insurance was not sustained by any evidence offered upon the trial of the case.

 We are well aware of the many pronouncements that have been made by the various courts of review in this and other States concerning the matter of injecting insurance into the trial of a lawsuit of this character. An examination of all of the opinions on the subject fails to disclose that this identical question has ever been presented for determination to a court of review in this State. Possibly as near an approach to the present situation as we find recorded would be the case of *Smith v. Raup,* in 296 Ill. App. 171, but that case we do not consider as being controlling in the present case. We are of the opinion that the statement concerning insurance should not have been made to the jury by defendants' counsel and that the making of it assumed the dignity of reversible error, and that said error was properly preserved for the consideration of this court. It would have been improper for the plaintiff to have informed the jury that defendant carried insurance had that been the case, and we believe equally improper for the defendant to advise the jury he did not have insurance. Insurance was not a proper issue to be injected into this case. To bring insurance into a case of this kind gives one party an advantage to which he is not entitled, or places the other party under

a handicap to which he should not be subjected. Advantage and handicap have no place in the trial of a case.

It is not necessary in this opinion to discuss the matter of instructions as all objection thereto will no doubt be eliminated on another trial, and we are confident defendants' counsel will not call a juror by name during argument on a retrial of this case.

We are of the opinion that this case should be reversed and remanded for a new trial for the reason hereinbefore set forth.

*Reversed and remanded.*

SCHEINEMAN, P. J. and BARDENS, J., concur.